Filed 12/21/23  P. v. Soltero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>VICTOR DANIEL SOLTERO,<br><br>　　　Defendant and Appellant. | D082016<br><br><br>(Super. Ct. No. SCD119584) |

APPEAL from an order of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Victor D. Soltero, in pro. per.; and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Victor D. Soltero appeals from an order denying his petition to vacate his 1996 first-degree murder conviction and for resentencing under Penal Code section 1172.6.[1]  His appointed appellate counsel filed an opening brief

---

[1]　Soltero brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022.  (See Stats. 2022, ch. 58, § 10

stating that she had been unable to identify any arguable issues for reversal on appeal. (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).) After we issued a *Delgadillo* order notifying Soltero of his right to file a supplemental brief, he did so. We now conclude that Soltero has failed to identify any arguably meritorious issues for appeal. Accordingly, we affirm the order denying his section 1172.6 petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Soltero was charged by information with murder (§ 187, subd. (a)) with personal use of a deadly and dangerous weapon (§ 12022, subd. (b)). Soltero was the only defendant charged in the information.

In a jury trial, the court did not give any instructions on felony murder, aiding and abetting, or the natural and probable consequences doctrine. The court gave CALJIC Nos. 8.10 and 8.11 on the elements of murder and CALJIC No. 8.20 on deliberate and premeditated murder. The only theory of first-degree murder included in the jury instructions was deliberate and premeditated murder.

The jury convicted Soltero of first-degree murder and found that he personally used a deadly weapon in the commission of the crime. The court sentenced him to 25 years to life plus a one-year term for the deadly weapon enhancement.

In December 2022, Soltero filed a petition for resentencing under section 1172.6. In their initial response, the People argued that Soltero was ineligible for relief because he was convicted as the actual killer, and the trial court did not give any jury instructions on aiding and abetting, felony

(Assem. Bill No. 200).) We refer to the statute by its current number throughout this opinion. All further statutory references are to the Penal Code.

2

murder, or the natural and probable consequences doctrine. The People submitted exhibits including the information, jury verdict, and jury instructions from the underlying prosecution. After Soltero's court-appointed counsel submitted a reply brief, the court granted Soltero's request to represent himself at the prima facie hearing. Soltero represented himself appearing by Zoom from prison at the prima facie hearing.

The court denied the section 1172.6 petition for failure to make a prima facie showing. The court concluded that Soltero was ineligible for relief because he was convicted as the actual killer; the jury found he personally used a deadly weapon to commit the murder; the only theory of first-degree murder at trial was premeditation and deliberation; and no aiding and abetting instructions were given.

Soltero timely appealed the court's order denying his section 1172.6 petition at the prima facie stage. On appeal, his appointed counsel filed a no-issues brief under *Delgadillo*. We issued an order advising Soltero of his right to file a supplemental brief. In response, Soltero filed a supplemental brief, an amendment to his supplemental brief, and a letter regarding a change in his inmate status.

## DISCUSSION

In *Delgadillo*, our Supreme Court clarified the procedures required in an appeal from the denial of a section 1172.6 petition where counsel finds no arguable issues. In such circumstances, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter."

(*Delgadillo, supra*, 14 Cal.5th at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

We have followed the procedures set forth in *Delgadillo*—and Soltero responded to our *Delgadillo* notice by filing supplemental briefing identifying potential issues. Under *Delgadillo*, we must therefore evaluate the issues presented by Soltero. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

Section 1172.6 allows those previously convicted of felony murder, or murder under the natural and probable consequences doctrine, or murder based on any other theory of imputed malice, to petition the court to have their convictions vacated and be resentenced on any remaining counts, if they could not presently be convicted of murder because of changes to the law made effective in January 2019. (§ 1172.6, subd. (a).) After appointment of counsel, the trial court is permitted to examine the record of conviction to assess whether it refutes the petitioner's claim of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972 (*Lewis*).) The court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Id*. at p. 971.)

In this case, the record of conviction establishes as a matter of law that Soltero was not convicted under a felony murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice. At trial, the court did not give jury instructions on any of these theories. The only theory of liability presented to the jury was that Soltero himself was the actual killer who acted with premeditation and deliberation. By finding

4

Soltero guilty of first-degree murder under these instructions, the jury necessarily found that he was the actual killer. "As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.' " (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973.) Thus, the trial court correctly ruled that Soltero was ineligible for relief as a matter of law.

In his supplemental briefing, Soltero challenges the validity of his murder conviction. He contends that he is factually innocent, that the prosecutor knowingly concealed or withheld exonerating forensic test results and other exculpatory evidence, that the prosecutor presented false testimony and an altered video recording at his trial, that he was misidentified as the actual perpetrator, and that the prosecutor and a detective subjected him to false prosecution based on racial animus. In a proceeding under section 1172.6, however, Soltero may not claim factual innocence or challenge the validity of his murder conviction unless he first meets the threshold requirements for relief at the prima facie stage. (§ 1172.6, subd. (c); *Lewis, supra*, 11 Cal.5th at p. 971.) As we have explained, the record of conviction conclusively establishes that Soltero is ineligible for relief under section 1172.6 because he was convicted as the actual perpetrator of the murder.

Soltero also argues that he did not act as a major participant or with reckless indifference to human life. But this would be relevant at the prima facie stage only if Soltero had been convicted as an accomplice to the actual killer under a felony murder theory. (See *People v. Strong* (2022) 13 Cal.5th 698, 708 ["Defendants who were neither actual killers nor acted with the intent to kill can be held liable for [felony] murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life . . . .' "].) Soltero was convicted as the actual killer who acted with

a deliberate and premeditated intent to kill, not as an accomplice on a felony murder theory.

For these reasons, we conclude that the issues identified by Soltero lack arguable merit. Because the record of conviction conclusively demonstrates that Soltero was not convicted of murder on any theory covered by section 1172.6, the trial court correctly ruled that he did not show a prima facie case for relief. (See *Lewis, supra*, 11 Cal.5th at pp. 970–972.)

## DISPOSITION

The order denying Soltero's section 1172.6 petition is affirmed.


BUCHANAN, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

6